UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID FLORES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF WENATCHEE; and MARK HUSON,<br><br>　　　　　　Defendants. | NO. CV-10-0330-EFS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION TO BIFURCATE, ENTERING JUDGMENT, AND CLOSING FILE** |

　　Before the Court, without oral argument, are Defendants City of Wenatchee ("City") and Mark Huson's Motion for Summary Judgment Dismissal, ECF No. 24, and Motion to Bifurcate Plaintiff's False Arrest and 42 U.S.C. § 1983 Claims and Public Records Act (RCW 42.56) Violation, ECF No. 32. After reviewing the filed material and relevant authority, the Court is fully informed. For the reasons given below, the Court declines to exercise supplemental jurisdiction over Plaintiff David Flores' Public Records Act claim and enters judgment in Defendants' favor as to Mr. Flores' other claims.

///
///
//
/

ORDER ~ 1

/

**A. Facts**[1]

During the afternoon of May 5, 2009, Mr. Flores, his son, and another individual were working within the city limits of Wenatchee, Washington on Methow Street. They had removed two large elm trees and were loading the heavy, cut wood into Mr. Flores' truck. Mr. Flores had backed his work truck perpendicularly to the Methow street and sidewalk to reduce the walking required for loading the logs. As a result, the truck was parked across the southbound lane and sidewalk and protruded approximately three feet into the northbound lane. Mr. Flores had placed three traffic cones on each side of the truck in the southbound lane. Flores Decl., ECF No. 40 ¶ 3. Mr. Flores had not obtained a permit from

---

[1] The parties filed a Joint Statement of Uncontroverted Facts, ECF No. 46. The Court treats these facts as established consistent with Federal Rule of Civil Procedure 56(d), and sets these forth without reference to an ECF number. When considering the summary judgment motion and creating this factual section, the Court 1) believed the undisputed facts and the non-moving party's evidence, 2) drew all justifiable inferences therefrom in the non-moving party's favor, 3) did not weigh the evidence or assess credibility, and 4) did not accept assertions made by the non-moving party that were flatly contradicted by the record. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Scott v. Harris*, 550 U.S. 372, 380 (2007).

ORDER ~ 2

1  the City to park in the City's lanes or sidewalks.  Wilson Decl., ECF No.
2  28 ¶ 6; Flores Dep., ECF No. 29, Ex. 1 at 6.
3       Michael Moore, a postal worker driving a postal truck on his
4  delivery route, stopped his truck in the southbound lane just north of
5  Mr. Flores' truck.  Notwithstanding Mr. Flores' hand gestures motioning
6  Mr. Moore to go around the front of Mr. Flores' truck by using the
7  northbound lane, Flores Decl., ECF No. 40 ¶ 4, Mr. Moore declined to do
8  so because he was concerned that it was unsafe to use the northbound
9  lane, Moore Decl., ECF No. 27 ¶ 5.  After waiting a couple of minutes in
10 his parked postal truck, Flores Decl., ECF No. 40 ¶ 4, Mr. Moore got out
11 of the postal truck and informed Mr. Flores that he would not go around
12 Mr. Flores' truck by using the northbound lane.  Mr. Flores advised that
13 he was not going to move his truck.  Mr. Moore then informed Mr. Flores
14 that he was going to call the police about Mr. Flores' truck blocking the
15 roadway and the Department of Labor and Industries (L & I) because there
16 was cut wood on the sidewalk.  Mr. Flores became irritated at Mr. Moore
17 and told him to go ahead and call the police and L & I.  Mr. Moore did
18 call the police, reporting that Mr. Flores' truck was parked on the 300
19 block of Methow Street and was blocking vehicle traffic.
20      After clearing an area of the wood, Mr. Flores was able to back his
21 truck closer toward the home's retaining wall.  Flores Decl., ECF No. 40
22 ¶ 6.  The truck then blocked the sidewalk and protruded approximately 1
23 1/2 feet into the southbound lane.  *Id.* ¶ 7.  While Mr. Flores was still
24 in his truck, Sergeant Huson, who was responding to Mr. Moore's report,
25 arrived at the Methow Street location in his patrol vehicle.  As he
26 arrived, Sergeant Huson observed 1) a northbound vehicle stopped and

waiting for Mr. Flores to move his truck, which then resumed northbound after Mr. Flores' truck cleared the northbound lane, and 2) Mr. Moore's previously-stopped postal truck maneuver around the front of Mr. Flores' truck. ECF No. 36, Ex. 3 at 33. Sergeant Huson parked his vehicle along the sidewalk of the southbound lane just north of Mr. Flores' truck. Sergeant Huson motioned with his right hand for Mr. Flores to come speak with him in his patrol vehicle. Flores Decl., ECF No. 40 ¶ 8. Mr. Flores approached the passenger side window of the patrol vehicle. *Id.* ¶ 9. Sergeant Huson advised Mr. Flores that he had to move his truck so that it did not block the roadway. Huson Decl., ECF No. 36 ¶ 16. Mr. Flores expressed his frustration with Mr. Moore, calling him a "stinking jerk." Flores Decl., ECF No. 40 ¶ 9. In a loud tone, Sergeant Huson advised Mr. Moore, "You're just not getting this." *Id.* Sergeant Huson then got out of his vehicle and motioned with his right hand for Mr. Flores to speak with him near the front of the patrol vehicle. *Id.* ¶ 10. Mr. Flores complied and discussed the interaction that he had with Mr. Moore, and Sergeant Huson again loudly responded that Mr. Flores was not understanding the situation and that he would have to move the truck. *Id.* In order to carry out Sergeant Huson's directive, Mr. Flores began to move the wood chipper to make room to park the truck. *Id.* ¶ 11. Sergeant Huson loudly stated, "I told you to move the truck." *Id.* Mr. Flores explained that he was making room to park the truck parallel with the southbound sidewalk. *Id.*

Sergeant Huson then pulled his patrol vehicle around Mr. Flores' truck and parked just south of it. *Id.* ¶ 12. Getting out of his vehicle with his citation book, Sergeant Huson again requested that Mr. Flores

ORDER ~ 4

come speak with him and asked for his driver's license. *Id.*; Huson Decl., ECF No. 36 ¶ 20. Mr. Flores walked over to Sergeant Huson and continued to explain that the traffic had not been obstructed because cars were able to use the northbound lane. *Id.* Sergeant Huson again loudly stated, "You're just not getting this. Turn around and put your hands behind your back." Sergeant Huson then advised Mr. Flores that he was under arrest and handcuffed him. *Id.* Mr. Flores was arrested for disorderly conduct in violation of Wenatchee City Code 6A.12.010.

After verbal exchanges between Mr. Flores, his son, and Sergeant Huson, Mr. Flores was placed in Sergeant Huson's patrol vehicle. When both Sergeant Huson and Mr. Flores were in the vehicle, Mr. Flores inquired as to why he was arrested. Sergeant Huson advised that he was arrested for calling Mr. Moore a "jack ass." Mr. Flores denied using that word to describe Mr. Moore. Mr. Flores was taken to the police station but was not issued a criminal citation. Sergeant Huson later drove Mr. Flores back to his house and dropped him off.

On September 8, 2009, Mr. Flores made a Public Records Act request to the City's Police Department for documents pertaining to the May 5, 2009-incident. The City declined to disclose the records, claiming they were exempt from disclosure. Mr. Flores, through counsel, made a second request. Approximately seventy days later, this request was ultimately granted.

On September 28, 2010, Mr. Flores filed this lawsuit, asserting that 1) Sergeant Huson falsely arrested him, for which the City is vicariously liable, and violated his federal civil rights in violation of 42 U.S.C. § 1983, and 2) the City violated the Public Records Act, RCW 42.56. ECF

ORDER ~ 5

No. 1.  In the Spring of 2012, Defendants filed the instant motions, ECF Nos. 24 & 32, and briefing followed.

**B.    Summary Judgment Motion**

    **1.    Standard**

Summary judgment is appropriate if the record establishes "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party opposing summary judgment must point to specific facts establishing a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  If the non-moving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion.  *Celotex Corp.*, 477 U.S. at 322.

    **2.    Authority and Analysis**

        **a.    Section 1983 Claims**

Defendants seek summary judgment on 1) Mr. Flores' federal and state claims that are based on the May 5, 2009 events because Sergeant Huson is entitled to qualified immunity, and 2) the § 1983 claim against the City because there is no evidence of an unconstitutional policy, practice, or custom.  In response, Mr. Flores 1) argues that his § 1983 claims survive because Sergeant Huson violated his First Amendment right to free speech and Fourth Amendment right to be free from unreasonable seizure, and 2) clarifies that he is not bringing a § 1983 claim against the City.  In reply, Defendants contend that Mr. Flores failed to plead a First-Amendment-based § 1983 claim.

//
/

### i.  Free Speech

A review of the Complaint, ECF No. 1, establishes that Mr. Flores failed to allege a First-Amendment-based § 1983 claim.  Neither the factual nor cause-of-action portions of the Complaint indicate that Mr. Flores was claiming that Sergeant Huson violated his First Amendment free speech rights.  Notably, under the Complaint's "Second Cause of Action Violation of Civil Rights (42 U.S.C. § 1983)," Mr. Flores specifically alleged, "Under color of state law, Huson deprived Flores of rights afforded to him under the United States Constitution, *principally his right against an unreasonable seizure*." *Id.* ¶ 4.2 (emphasis added).  The Complaint failed to put Defendants on notice that Mr. Flores was alleging a First-Amendment-based § 1983 claim.  And Mr. Flores has not requested leave to amend his Complaint.

At this stage of the proceeding, the Court will not permit Mr. Flores to add a § 1983 claim based on a First Amendment violation. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend [the] complaint through argument in a brief opposing summary judgment.").  Defendants' motion is granted in this regard.

### ii.  Unreasonable Seizure

The Court turns to the § 1983 claim that was plead in the Complaint: Mr. Flores' claim that Sergeant Huson arrested him without probable cause and thereby unreasonably seized him in violation of the Fourth Amendment.

Section 1983 provides a cause of action against persons acting under color of state law who violate a right guaranteed by the U.S. Constitution or federal statutes. 42 U.S.C. § 1983[2]; *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). It is uncontested that Sergeant Huson acted under color of state law; however, Sergeant Huson submits that he is shielded from § 1983 liability because he is entitled to qualified immunity, and that he did not violate Mr. Flores' Fourth Amendment right to be free from unreasonable seizure.

To show that he is entitled to qualified immunity, Sergeant Huson must establish that his "conduct d[id] not violate [a] clearly established statutory or Constitutional right[] of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This requires the Court to focus on two questions: whether 1) Sergeant Huson violated Mr. Flores' Fourth Amendment right to be free from unreasonable seizure by arresting him for disorderly conduct without a warrant, and 2) Mr. Flores' right to be free from unreasonable seizure was clearly established at the time of the alleged misconduct. *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009) (ruling that either of

---

[2] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

ORDER ~ 8

these elements may be analyzed first); *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (setting forth elements).

### 1.  Clearly-established right

Whether the right was clearly established is a question of law for the Court. *Romero v. Kitsap Cnty.*, 931 F.2d 624, 628 (9th Cir. 1991). Here, the claimed right is the right to be free from an arrest that is not supported by probable cause.

The right to be subjected only to an arrest supported by probable cause is clearly established, but the elements required to satisfy the probable-cause analysis must be clearly established for that particular offense. *Conner v. Heiman*, 672 F.3d 1126, 1132 (9th Cir. 2012) (setting forth "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted"). If the arresting officer arguably had probable cause to make the arrest, then this element is resolved in the arresting officer's favor. *McComas v. Brickley*, 673 F.3d 722, 725 (7th Cir. 2012).  Probable cause that a misdemeanor was committed exists "when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense" was or is being committed in their presence. *Rodis v. City & Cnty. of San Francisco*, 558 F.3d 964, 969 (9th Cir. 2009).

Sergeant Huson arrested Mr. Flores for disorderly conduct in violation of Wenatchee City Code 6A.12.010.  Code 6A.12.010 applies to the following:

> Any person who: shall by noisy, riotous, or tumultuous conduct disturb the quiet and peace of the City, or of any meeting or assemblage therein; uses, in the presence of another person, vulgar, profane, or indecent language, or who shall make any vulgar, profane, obscene or indecent gesture, under

ORDER ~ 9

circumstances which create a risk of assault; intentionally obstructs vehicular or pedestrian traffic without lawful authority; or shall willfully annoy, bother, molest, insult, or offer an affront or indignity to any person, under circumstances which create a risk of assault.

*Id.* Disorderly conduct is a misdemeanor offense, Wenatchee City Code 6A.12.020; therefore, the disorderly conduct must be observed by the arresting officer in order for the officer to arrest the individual without a warrant, RCW 10.31.100.

Mr. Flores contends 1) it was clearly-established that Wenatchee City Code 6A.12.010 requires him to have actually and intentionally obstructed vehicular and pedestrian traffic such that Methow Street's use was negatively impacted, and 2) there is no evidence that he so obstructed traffic. Mr. Flores therefore argues that it was clearly established that Sergeant Huson did not have probable cause to arrest him for violating Wenatchee City Code 6A.12.010. However, Mr. Flores failed to identify any Washington case law interpreting Wenatchee City Code 6A.12.010, or a similar code, that requires evidence that either vehicular or pedestrian traffic was negatively impacted, as opposed to a mere possibility that traffic could be obstructed by the conduct; and the Court could find no such case law. Because it is unclear whether Wenatchee City Code 6A.12.010 requires actual obstruction of a busy street, rather than simply conduct that blocks a sidewalk and lane of traffic but which impacts few drivers and no pedestrians, the Court finds Sergeant Huson arguably had probable cause to make the arrest. Therefore, Sergeant Huson is entitled to qualified immunity on Mr. Flores' § 1983 unreasonable seizure claim. Defendants' motion is granted in this regard.

1  ///

### 2. Objectively reasonable

For completeness of the record, the Court addresses the second qualified-immunity prong: whether Sergeant Huson violated Mr. Flores' right to be free from unreasonable seizure by arresting him for disorderly conduct without a warrant. The Court finds in favor of Sergeant Huson on this prong as well.

An officer in Sergeant Huson's circumstances would reasonably believe that he had probable cause to arrest Mr. Flores for disorderly conduct: intentionally obstructing vehicular and/or pedestrian traffic without lawful authority. Sergeant Huson observed 1) Mr. Flores' truck obstruct traffic given that a) a northbound vehicle was stopped until Mr. Flores' truck cleared the northbound lane, and b) Mr. Moore's vehicle, which Sergeant Huson was aware had been parked there since Mr. Moore's telephone call to the police, only then maneuvere around Mr. Flores' truck, and 2) wood obstructing the sidewalk.

Accordingly, under the totality of the circumstances, the Court finds Mr. Flores' Fourth Amendment right to be free from unreasonable seizure was not violated. Defendants' motion is granted in this regard.

### iii. City Liability

In his response to the summary judgment motion, Mr. Flores clarifies that he is not asserting a 42 U.S.C. § 1983 claim against the City. Accordingly, Defendants' motion seeking summary judgment in the City's favor under § 1983 is granted.

### b. False Arrest

ORDER ~ 11

The Court also grants summary judgment in Sergeant Huson's favor on Mr. Flores' false arrest claim under Washington law. *See Bender v. City of Seattle*, 99 Wn.2d 582, 591 (1983) (setting forth claim of false arrest). The Court finds there were reasonable grounds for Sergeant Huson to believe that Mr. Flores violated Wenatchee City Code 6A.12.010. *See McBride v. Walla Walla Co.*, 95 Wn. App. 33, 38 (1999) (finding that probable cause is a complete defense to a false-arrest action).

Because Mr. Flores' false arrest claim against Sergeant Huson does not survive summary judgment, his related false-arrest claim for vicarious liability against the City fails. Defendants' motion is granted in this regard.

    **3.  Summary**

The Court grants Defendants summary judgment on Mr. Flores' § 1983 and false arrest claims.

**C.  Defendants' Motion to Bifurcate**

Defendants ask the Court to bifurcate Mr. Flores' Public Records Act (PRA) claim from his § 1983 and false arrest claims and remand the PRA claim to Chelan County Superior Court. Because the Court grants summary judgment in Defendants' favor as to Mr. Flores' other claims, the Court declines to exercise supplemental jurisdiction over the solely-remaining state-law PRA claim. *See* 28 U.S.C. § 1367(c)(3) (allowing district court to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction). Mr. Flores may file his PRA claim in state court.

**D.  Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

ORDER ~ 12

1. Defendants' Motion for Summary Judgment Dismissal, **ECF No. 24**, is **GRANTED.**

2. Defendants' Motion to Bifurcate Plaintiff's False Arrest and § 1983 Claims and Public Records Act (RCW 42.56) Violation, **ECF No. 32**, is **GRANTED.**

3. The Court declines to exercise supplemental jurisdiction over Mr. Flores' Public Records Act claim; Mr. Flores is to file this claim in state court if he so wishes.

4. **Judgment** is to be entered in Defendants' favor **with prejudice** as to Mr. Flores' § 1983 claim against Sergeant Huson and false arrest claim against both Defendants.

5. All hearing and deadlines are **STRICKEN.**

6. This file shall be **CLOSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this ___17th___ day of May 2012.


             S/ Edward F. Shea
             EDWARD F. SHEA
          United States District Judge

Q:\Civil\2010\0330.msj.bifurc.lc1.wpd

ORDER ~ 13